IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERON GRANDISON, | No. 2:12-CV-2474-LKK-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| VIRGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pending before the court is petitioner's motion to stay (Doc. 20). Petitioner is requesting the court stay these proceedings and allow him to file an amended petition. He basis this request on his illiteracy and mental health issues. He does not, however, provide any information about how or why he wishes to amend his petition. Respondent has filed an opposition to the motion (Doc. 21), wherein he argues that any amended petition may be filed only by stipulation or court order, and petitioner has not requested either nor set forth any basis for allowing such an amendment. In addition, respondent contends that petitioner provides no basis for staying these proceedings.

The court agrees with respondent. Petitioner's motion is deficient in that he fails to explain why he is requesting a stay and what he needs to amend in his petition. When a stay-

and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661.

Under Kelly, the district court is required to " consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the "clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id.

Here, petitioner has provided no reason for his request to stay these proceedings, other than mentioning the desire to file an amended petition. It would appear that petitioner's petition is fully exhausted, so the court may exercise its discretion is deciding whether to grant the request. As petitioner has not provided any reasons for his request, much less explaining whether there are other claims he wishes to add to his petition that he must first exhaust with the State courts.

If petitioner is attempting to exhaust new claims with the state court, he may file a renewed motion to stay these proceedings and/or file an amended petition. If he chooses to do so, however, he must file a proper motion, inform the court as to what his new claims are, how

they relate back if necessary, and where he is in the process of exhausting his state remedies.

Rule 15 of the Federal Rules of Civil Procedure, which is applicable in habeas proceedings, provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Under Federal Rule of Civil Procedure 15(c)(2), amendments made after the statute of limitations has run relate back to the date the original pleading was filed if the original and amended pleadings arise out of the same conduct, transaction, or occurrence. See Mayle v. Felix, 125 S.Ct. 2565, 2570 (2005).

Here, the merits of petitioner's petition have been briefed. Therefore, petitioner will be provided only a limited amount of time to file a renewed motion to stay or motion to file an amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay (Doc. 20) is denied without prejudice; and

2. Petitioner may file a renewed motion to stay or motion to file an amended petition within 30 days of the date of this order.

DATED: December 30, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE