IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERON GRANDISON,[1] | No. 2:12-cv-02474-JKS |
| Petitioner, | MEMORANDUM DECISION |
| vs. | |
| ELVIN VALENZUELA, Warden, California Men's Colony,[2] | |
| Respondent. | |

Shreron Grandison, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  Grandison is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at the California Men's Colony.  Respondent has answered, and Grandison has not replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

On October 28, 2008, Grandison was charged with premeditated attempted murder, assault with a deadly weapon, first-degree residential burglary, criminal threats, and misdemeanor child endangerment.  The information further alleged as to the attempted murder and assault counts that Grandison personally inflicted great bodily injury and used a deadly weapon.

On direct appeal of his conviction, the California Court of Appeal recounted the following facts underlying the charges against Grandison:

[1]     Grandison's first name is misspelled on the docket sheet; Grandison's Petition states that his first name is "Shreron."

[2]     Elvin Valenzuela, Warden, California Men's Colony, is substituted for Tim Virga, former Warden, California State Prison-Sacramento.  FED. R. CIV. P. 25(c).

[Grandison] lived with Johana Leach for about two and one-half years, and they had a two-year-old daughter, Meah.  Johana also had a six-year-old daughter, Jordyn.  In May 2008 Johana left [Grandison] and moved into a new apartment.  [Grandison] had never been in the new apartment and was not invited to visit.

At about 10:00 p.m. on June 20, 2008, Johana was in her kitchen with her new boyfriend, Ishaq, while her daughters were watching television in an adjacent room.  She screamed when she saw [Grandison] walking down the hallway toward them holding a knife in each hand.  She recognized the knives because she had been with [Grandison] when he purchased them.  She did not take the knives when she moved out.

Ishaq grabbed a chair to deflect his assailant.  [Grandison] went after him with the knives.  He stabbed Ishaq eight times in the back, neck, head, and shoulders.  At some point during the altercation, Ishaq grabbed a knife and stabbed [Grandison] in the neck.  They fought in the living room and eventually outside.

Johana, carrying Meah, ran outside after her daughter, Jordyn.  Defendant chased her and said something like he should kill her.  He demanded to kiss his baby.  He ran off with a knife in his neck.  The investigating police officers recovered three knives at the scene, one 11 inches, one 17 inches, and one 27 inches long.

*People v. Grandison*, No. C062727, 2011 WL 5942130, at *1 (Cal. Ct. App. Nov. 23, 2011).

After trial, a jury found Grandison not guilty of making a criminal threat and guilty of all other counts and enhancements.  *Id.*  The trial court sentenced Grandison to an aggregate term of 10 years, plus an indeterminate term of life in prison.  *Id.*

Through counsel, Grandison appealed his conviction, arguing that he was improperly sentenced in violation of California Penal Code § 654[3] for multiple acts that constituted a single course of conduct.  The Court of Appeal found no error and affirmed the judgment against him. *Id.* at *4.  Grandison did not seek review of the decision in the California Supreme Court.

While his direct appeal was pending in the appellate court, Grandison filed a habeas petition in the Sacramento County Superior Court.  The Superior Court identified 11 claims in

---

[3]      That section provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  CAL. PENAL CODE § 654(a).

the petition, all of which it rejected in a reasoned, unpublished opinion issued on May 13, 2011.

Thereafter, Grandison filed a habeas petition in the California Supreme Court, which was

summarily denied on July 25, 2012.  While that habeas petition was still pending, Grandison

timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court.

## II. GROUNDS/CLAIMS

In support of his *pro se* Petition, Grandison attaches the habeas petition he filed in the

California Supreme Court.  His Petition before this Court therefore raises the same arguments he

unsuccessfully raised before the California Supreme Court, namely that the trial court erred in

failing to instruct the jury on "degree" and "motive" (claim 1) and his trial counsel rendered

ineffective assistance (claim 2).  In the attached habeas petition, Grandison also enumerates

"other factors in support of [his] ineffective assistance of trial counsel claim," which raise

allegations that are unrelated to his ineffective assistance claim or present standalone claims of

constitutional violations.  Construing Grandison's *pro se* Petition liberally, *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (per curiam), this Court will address these allegations as standalone

claims that the prosecutor failed to disclose exculpatory evidence (claim 3), the trial judge

denied him the right to appeal by denying him trial transcripts (claim 4), his sentence punished

him for the same conduct under multiple statutes in violation of the protection against double

jeopardy (claim 5), and the imposition of a 4-year sentence enhancement violated his right to

confrontation (claim 6).

### III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding,"

§ 2254(d)(2).  A state-court decision is contrary to federal law if the state court applies a rule that

contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that

are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives

at a different result.  *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1)

"refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the

relevant state-court decision."  *Id.* at 412.  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.  *Early v. Packer*, 537 U.S. 3, 10 (2002).  Where

holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it

cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"

*Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

In applying these standards on habeas review, this Court reviews the "last reasoned

decision" by the state court.  *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

(citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)).  Under the AEDPA, the state court's

findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear

4

and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Grandison has not replied to Respondent's answer.  The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952).  Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true.  *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

A.     Procedural Bar

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims."  *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).  "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits."  *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).  Procedural default does not preclude federal habeas review unless the last state court rendering judgment in a case "clearly and expressly" states that its judgment rests on a state procedural bar.  *Teague v. Lane*, 489 U.S. 288, 298-99 (1989) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)).  "In order to constitute adequate and independent grounds

5

sufficient to support a finding of procedural default, a state rule must be clear, consistently

applied, and well established at the time of the petitioner's purported default." *Morales v.*

*Calderon*, 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotation marks and citation omitted).

 Here, all of the claims raised in the instant Petition were raised in Grandison's habeas

petition in the California Supreme Court, which was summarily denied with citations to *People*

*v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995) and *In re Swain*, 209 P.2d 793, 796 (Cal. 1949).  *In*

*re Swain* stands for the rule that a California habeas petition must state "with particularity the

facts" upon which relief is sought.  209 P.2d at 796.  *Duvall* re-asserts the requirement that facts

be stated fully and with particularity and stands for the additional proposition that documentary

evidence must be provided.  886 P.2d at 1258 (stating that habeas petitions "should both (i) state

fully and with particularity the facts on which relief is sought as well as (ii) include copies of

reasonably available documentary evidence supporting the claim, including pertinent portions of

trial transcripts and affidavits or declarations" (citations omitted)).

 If a petition is dismissed for failure to state the facts with particularity—that is, with a

cite to *Swain*—the petitioner may file a new petition curing the defect.  *See Gaston v. Palmer*,

447 F.3d 1165 (9th Cir. 2006); *see Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).

There is no reason the result should be any different when the defect in the state petition is the

failure to attach documentary evidence.  Neither the failure to attach documentary evidence nor

the failure to plead with particularity are irremediable errors.  It therefore appears that the

California courts would have allowed Grandison to file a new state petition remedying these

defects.  Accordingly, the *Duvall/Swain* bar did not cause these claims to be procedurally

defaulted in state court and thus this bar does not cause them to be procedurally defaulted in

federal court either.  *See Cross v. Sisto*, 676 F.3d 1172, 1177 (9th Cir. 2012) (California state

court's denial of petitioner's habeas petition with citation to *Swain* constituted dismissal without

prejudice and with leave to amend to plead required facts with particularity and thus did not

signify that petitioner's claims were procedurally barred as a matter of state law).

B.      Exhaustion

Nonetheless, this Court may not consider claims that have not been fairly presented to the

state courts.  28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing

cases).  Exhaustion of state remedies requires the petition to fairly present federal claims to the

state courts in order to give the state the opportunity to pass upon and correct alleged violations

of its prisoners' federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A petitioner must

alert the state courts to the fact that he is asserting a federal claim in order to fairly present the

legal basis of the claim.  *Id.* at 365-66.

In *Kim*, the Ninth Circuit found that the *Swain* citation indicated that the claims were

unexhausted because their pleading defects, i.e., lack of particularity, could be cured in a

renewed petition.  799 F.2d at 1319.  However, the Ninth Circuit also stated in *Kim* that it was

"incumbent" on the district court, in determining whether the federal standard of "fair

presentation" of a claim to the state courts had been met, to independently examine the petition

to the state court.  *Id.* at 1320.  "The mere citation of *In re Swain* does not preclude such review."

*Id.*  Indeed, the Ninth Circuit has held that where a prisoner proceeding *pro se* is unable to meet

the state rule that his claims be pleaded with particularity, he may be excused from complying

with it.  *Harmon v. Ryan*, 959 F.2d 1457, 1462 (9th Cir. 1992) (citing *Kim*, 799 F.2d at 1321),

*implied overruling on other grounds*, *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999)).  "Fair

presentation" requires only that the claims be pleaded with as much particularity as is practicable. *Kim*, 799 F.2d at 1320.

A review of Grandison's habeas petition to the California Supreme Court, attached to the instant Petition, reveals that Grandison did not fairly present to the state courts the claims he raised in the state habeas petition and subsequently asserts in the instant Petition before this Court. Indeed, Grandison did not submit a Traverse in reply to Respondents' contention that the claims are unexhausted and thus does not allege that the procedural denial was erroneous, that he did allege his claims with particularity, or that the claims cannot be alleged with greater particularity. Accordingly, this Court concludes that Grandison failed to exhaust his claims before the state courts.

C.     Merits

Even if Grandison had fully exhausted his claims, Grandison still would not be entitled to relief on them. For the reasons discussed below, the Court also denies relief on the merits of his claims. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Claim 1.  Instructional Error

Grandison first argues that the trial court failed to instruct the jury on "every essential element" of first-degree attempted murder. He argues that the trial court "failed to instruct the jury on 'degree' of attempted murder" or "instruct the jury to make a finding on 'motive'" to sustain a finding of premeditation.

A challenged instruction violates the federal constitution if there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence." *Boyde v. California*, 494 U.S. 370, 380 (1990). The question is whether the instruction, when read in the context of the jury charges as a whole, is sufficiently erroneous to violate the Fourteenth Amendment. *Francis v. Franklin*, 471 U.S. 307, 309 (1985). This Court must also assume in the absence of evidence to the contrary that the jury followed those instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"); *see Francis*, 471 U.S. at 323-24 & n.9 (discussing the subject in depth).

It is well established that not only must the challenged instruction be erroneous but it must violate some constitutional right, and it may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial record. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). This Court must also bear in mind that the Supreme Court has admonished that the inquiry is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the constitution and that the category of infractions that violate "fundamental fairness" is very narrowly drawn. *Id.* at 72-73. "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process clause has limited operation." *Id*. Where the defect is the failure to give an instruction, the burden is even heavier because an omitted or incomplete instruction is less likely to be prejudicial than an instruction that misstates the law. *See Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). In those cases, the inquiry is

whether the trial court's refusal to give the requested instruction "so infected the entire trial that the resulting conviction violates due process."  *See id.* at 156-57; *Estelle*, 502 U.S. at 72.

Grandison fails to satisfy this heavy burden.  The record indicates that the trial court raised with the parties the issue of "degrees" prior to giving the jury its instructions, and the following discussion occurred:

| | |
|---|---|
| THE COURT: | On the verdict forms, the way that they've come out thus far is for Count 1, attempted murder in the first degree.  We didn't deal at all with degrees of murder because obviously for attempt, the issue really is whether that circumstance—whether or not that allegation applies.  It's really not a case of degrees.  I didn't instruct them on degree. . . .<br>. . . .<br>What do you think about the issue of degrees?  I just don't want to confuse the jury. |
| [PROSECUTION:] | It would be my request to omit the first degree portion of it. |
| [DEFENSE:] | That's usually when [sic] I have this situation, it just has guilty or not guilty of this attempted murder, and then below it, place a check whether or not the premeditated allegation is— |
| [THE COURT:] | Right, that does follow. |
| [DEFENSE:] | But there's no degree listed. |
| [THE COURT:] | Okay.  Well, that's what I will do then.  I will omit any reference to degree in the murder. . . . |

The record therefore shows that both parties agreed with the court that the jury should not be instructed on "degree" because it was unnecessary and may confuse them.  Grandison cannot demonstrate that this constituted error because, in California, attempted murder is not classified by degrees.  *See People v. Bright*, 909 P.2d 1354, 1356 (Cal. 1996) ("We conclude that the provision in section 664, subdivision (a), imposing a greater punishment for an attempt to commit a murder that is 'willful, deliberate, and premeditated' does not create a greater degree of attempted murder but, rather, constitutes a penalty provision that prescribes an increase in

punishment (a greater base term) for the offense of attempted murder."), *overruled on other grounds*, *People v. Steel*, 100 P.3d 870 (Cal. 2004).

Grandison also alleges that the trial court "withh[e]ld" the required motive instructions. But the record shows that the trial court instructed the jury:

> The People are not required to prove that the defendant had a motive to commit any of the crimes charged.  In reaching your verdict you may, however, consider whether the defendant had a motive.  Having a motive may be a factor tending to show that the defendant is guilty.  Not having a motive may be a factor tending to show the defendant is not guilty.

The instruction given comports with the language of CALCRIM No. 370.  Grandison does not directly assert that the language was incorrect; rather, he appears to argue that it "removed the burden of proof from the prosecution's case to prove every element of 'premeditation.'"  But under California state law, evidence of motive is not required to establish the crime of attempted murder.  *People v. Houston*, 281 P.3d 799, 823 (Cal. 2012).  This interpretation of state law is binding on this Court.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Furthermore, the instructions as a whole properly and unambiguously instructed the jury with respect to motive and intent.  Motive and intent are separate mental states, and each of these states was accurately and separately defined by the jury instructions.  The jury was given the standard jury instruction on motive (CALCRIM No. 370), which clearly states that motive is not an element of the crime of attempted murder and therefore need not be proved.  The jury instructions as a whole required the jury to find that Grandison had the requisite specific intent to commit the crime of attempted murder, regardless of whether the prosecution had provided evidence of Grandison's reasons for committing the offense.  Accordingly, Grandison cannot prevail on his instructional error claims.

Claim 2.  Ineffective Assistance of Counsel

Grandison next claims that his trial counsel was ineffective for a variety of reasons.  To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  466 U.S. 668, 687 (1984).  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.*  The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief.  *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95.  Thus, Grandison must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.  *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs.  *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold."  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

It is through this highly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d) standard.  *See Knowles*, 556 U.S. at 123 (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

Grandison first complains that his counsel "fail[ed] to require the prosecution to prove beyond a reasonable doubt every element of first degree attempted murder."  In support of this claim, Grandison argues that the attempted murder conviction is based upon insufficient evidence because he did not know the victim and did not know the victim would be at his ex-girlfriend's apartment that day, and thus he could not have premeditated or planned to kill the victim.  Construing Grandison's Petition *pro se* liberally, *Erickson*, 551 U.S. at 94, it appears that Grandison faults counsel for not filing a pre-trial motion to dismiss the case or a post-trial motion for a new trial because the prosecutor could not and did not prove that the crime of attempted murder was willful, deliberate, and premeditated.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  As articulated by the Supreme Court in *Jackson*, the federal constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard).  In making this determination,

this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19. Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

Under California Penal Code §§ 664, 187, and 189, it is a crime to attempt to take the life of another human being willfully, deliberately, and with premeditation. An attempted murder is premeditated and deliberate if it resulted from the defendant's "careful thought and weighing of considerations rather than an unconsidered or rash impulse." *People v. Banks*, 331 P.3d 1206, 1237 (Cal. 2014) (citations and internal quotation marks omitted).

The fact that Grandison did not know the victim and was unaware that he would at the apartment that day does not render it impossible for him to have attempted to murder the victim with a willful, deliberate, and premeditated state of mind. The evidence at trial showed that Grandison arrived at the apartment armed with 3 knives, climbed through a back bedroom window, and attacked the stabbing victim after surprising him in the kitchen. Thus, there was sufficient evidence from which the jury could find that Grandison possessed the requisite mental state because he surreptitiously entered the apartment after arming himself with dangerous weapons. *See People v. Hillery*, 401 P.2d 382, 389 (Cal. 1965) (finding that deliberation and premeditation could be inferred from proof of certain facts including defendant's surreptitious and armed entry into victim's home). Because there was sufficient evidence of premeditation, counsel cannot be faulted for failing to file a meritless motion, nor can Grandison demonstrate

14

prejudice from counsel's failure.  *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." (internal citation omitted)); *see also Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute prejudice under a *Strickland* ineffective assistance of counsel claim).

Grandison also asserts a number of "factors in support" of his general contention that his trial counsel provided ineffective assistance.  He claims that counsel: 1) failed to investigate and denied him access to key witnesses; 2) did not use peremptory challenges in the manner he suggested; and 3) failed to object when two jurors stated that they could not judge fairly. However, Grandison fails to identify the key witnesses or compromised jurors or explain how he was prejudiced by his counsel's use of peremptory challenges.  Such vague and conclusory allegations do not warrant habeas relief as they do not meet the specificity requirement.  *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief); *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a 'real possibility of constitutional error'" (citation omitted)); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  Consequently, Grandison is not entitled to relief on his ineffective assistance claims.

Claim 3.  *Brady* Claim

Grandison additionally contends that the prosecutor failed to disclose exculpatory evidence which would have impeached a key witness had it been made available to him. According to Grandison, blood that appeared in a photograph introduced at trial would have been relevant to identity, which he claims was an issue at trial.

"[T]he Constitution does not require the prosecutor to share all useful information with the defendant."  *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (citing *Weatherford v. Bursey*, 429 U.S. 545, 549 (1977) ("There is no general constitutional right to discovery in a criminal case.").  *Brady v. Maryland*, 373 U.S. 83 (1962), and its progeny require the prosecution to disclose material information that is "favorable to the accused, either because it is exculpatory, or because it is impeaching," *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  A *Brady* violation occurs only where there is a "reasonable probability" that a different verdict would have resulted from disclosure of the information that the defendant claims was suppressed. *Strickler*, 527 U.S. at 281.  That is, "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial."  *United States v. Bagley*, 473 U.S. 667, 678 (1985).

Grandison cannot show a *Brady* violation here.  Contrary to Grandison's contention, the record indicates that identity was not an issue at trial.  Grandison entered his ex-girlfriend's apartment undisguised from a back bedroom window.  The occupants of the apartment (with the exception of an infant child) identified Grandison at trial.  Although Grandison testified at trial, he did not claim that he was not the person in the apartment; his sole claim was that he acted in self-defense.  Grandison thus fails to demonstrate that the evidence was material and

16

consequently cannot prevail on his *Brady* claim.  And because he cannot prevail on his *Brady*

claim, his related claim that was counsel was ineffective for failing to "ask for a test of

exculpatory evidence" necessarily fails as well.  *See Sexton*, 679 F.3d at 1157.

Claim 4.  Denial of Right to Appeal

Grandison next claims that the trial judge denied him the right to appeal by denying him

trial transcripts.  The United States Supreme Court has held that "the State must provide an

indigent defendant with a transcript of prior proceedings when that transcript is needed for an

effective defense or appeal."  *Britt v. N. Carolina*, 404 U.S. 226, 227 (1971) (footnote omitted).

In *Griffin v. Illinois*, the Court held that, when states provide appellate review of criminal

convictions, indigent defendants must be provided with trial transcripts to assist them in seeking

appellate review.  351 U.S. 12, 13 n.3 (1956).

But the record indicates that Grandison, through his counsel, received the trial transcripts

and was able to appeal his conviction.  As the state superior court stated in rejecting this claim in

his habeas petition to that court, "Petitioner has not been denied any transcripts.  Rather, his

counsel on appeal has already received petitioner's copy of the clerk's transcript and reporter's

transcripts and utilized them in representing petitioner on appeal."  Accordingly, Grandison is

not entitled to relief on this claim.

Claim 5.  Double Jeopardy Claim

Grandison next argues he "was sentenced twice for the same crime."  This claim appears

to be related to the sole claim that he brought on direct appeal: that he was sentenced in violation

of California Penal Code § 654 for multiple acts that constituted a single course of conduct.  The

Court of Appeal rejected the claim after concluding that, "[b]ecause there were at least two, if

17

not four, victims and the burglary was violent, [Grandison's] enhanced culpability justifies application of the [multiple-victim] exception to section 654." *Grandison*, 2011 WL 5942130, at *4.

Grandison fares no better when analyzing his claim as an alleged violation of the federal double jeopardy protections. The Double Jeopardy Clause of the Constitution provides that no person shall "be subject for the same offen[s]e to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The clause is enforced against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The Supreme Court has previously held that this clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998) (citing *N. Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . ." *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.* at 166 (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)). In this case, Grandison was convicted under state law of separate, distinct criminal acts—the attempted murder and assault with a deadly weapon of Ishaq and the burglary of Johana. The offenses require under state law proof of distinct elements to support convictions. Thus, the convictions do not violate the "same elements" test of *Blockburger*, 284 U.S. at 304, and Grandison is not entitled to relief on this

ground either.  And because he cannot prevail on his double jeopardy claim, Grandison cannot show that counsel was ineffective for failing to object on these grounds.  *See Sexton*, 679 F.3d at 1157.

Claim 6.  Confrontation/Cruel and Unusual Punishment Claim

Finally, Grandison contends that the imposition of a 4-year sentence enhancement violated his right to confrontation.  The trial court added a total of 4 years to Grandison's sentence for 2 separate enhancements: 3 years under Penal Code § 12022.7(a) for causing great bodily injury to the stabbing victim, plus 1 year under § 12022(b)(1) for doing so with a dangerous weapon.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. CONST. amend. VI.  It is well settled that, under the Sixth Amendment, an accused has the right to present witnesses, testimony and other evidence in his defense.  *See Washington v. Texas*, 388 U.S. 14, 19 (1967).  But, in this case, the stabbing victim testified at trial, and Grandison thus had the opportunity to confront him through cross-examination. Grandison therefore cannot demonstrate that his confrontation rights were violated.

Construing Grandison's Petition *pro se* liberally, *Erickson*, 551 U.S. at 94, the Court may discern that Grandison's claim alleges that his sentence constituted cruel and unusual punishment.  The Eighth Amendment, applicable to the States through the Fourteenth Amendment, proscribes the infliction of "cruel and unusual punishments."  U.S. CONST. amend. VIII; *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008).  In determining whether to infer gross disproportionality, a federal court should examine whether a petitioner's sentence is justified by

19

the gravity of his triggering offense and his criminal history, a process similar to the three-pronged approach employed by California state courts. *See Ramirez v. Castro*, 365 F.3d 755, 768 (9th Cir. 2004). While the contours of the "gross disproportionality principle" have been called "unclear," the principle is applicable only in the "exceedingly rare" and "extreme" case. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *see also Rummel v. Estelle*, 445 U.S. 263, 272 (1980) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.").

Grandison cannot demonstrate that his is one of the exceedingly rare cases in which the sentence imposed raises an inference of gross disproportionality when compared to the crime committed. Grandison was convicted of robbery, child endangerment, and willful, deliberate, and premeditated attempted murder. As the Court of Appeal noted:

> [Grandison] climbed into an occupied residence through a window at night wielding two knives and apparently carrying a third ranging in length from 11 to 27 inches. He approached his victims from a dark hallway, scaring Johana with the knives and lunging toward Ishaq. He proceeded to stab Ishaq eight times. . . . [T]here were at least two, if not four, victims and the burglary was violent . . . .

*Grandison*, 2011 WL 5942130, at *4.

For these reasons, the sentence Grandison received is not grossly disproportionate to his crimes. *See, e.g., Andrade*, 538 U.S. at 72-77 (holding sentence of 50 years to life for $150 petty theft was not cruel and unusual punishment under the gross disproportionality test); *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (rejecting Eighth Amendment challenge to mandatory life term without possibility of parole for possession of 672 grams of cocaine by defendant who had no prior felony convictions); *see also Plascencia v. Alameida*, 467 F.3d 1190, 1204 (9th Cir. 2006) (holding consecutive 25-year-to-life sentence for gun enhancement for using a firearm in

the commission of a murder was not cruel and unusual punishment).  Accordingly, Grandison's claim does not merit federal habeas relief.

## V. CONCLUSION AND ORDER

Grandison is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: November 4, 2014.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge